UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Ioan Murgoi,

Petitioner

v.

Todd Blanche, et al.,

Respondents

Case No. 2:26-cv-01124-CDS-EJY

**Order Denying as Moot Petitioner's Amended Petition for Writ of Habeas Corpus**

[ECF No. 15]

On August 3, 2026, petitioner Ioan Murgoi filed an amended petition for writ of habeas corpus. *See* First am. pet., ECF No. 15. Murgoi requests a writ ordering the respondents to release him from Immigration and Customs Enforcement (ICE) custody because his detention under 8 U.S.C. § 1226(a) is unlawful. *See id.* The federal respondents oppose the petition. Resp., ECF No. 20.[1] They first argue that this court lacks jurisdiction over this action. Alternatively, they argue that Murgoi's detention is now authorized under 8 U.S.C. § 1231(a)(6) because he has since become subject to a final order of removal, and that the 90-day period of removal provided for by § 1231(a) has not expired. This matter is fully briefed. For the reasons set forth herein, I deny as moot the writ petition.

## I. Background

Ioan Murgoi is a citizen of Romania who entered the United States on a tourist visa in November of 2014. ECF No. 15 at 3; ECF No. 16-1 at 2–3. His visa expired on May 2, 2015, but Murgoi did not depart. ECF No. 16-1 at 3. Rather, for approximately 10 years, Murgoi lived in the United States. ECF No. 15 at 4. During that time, he applied multiple times to adjust his status to a green card holder based on marriage, but his applications were denied. *See id.*; ECF No. 16-1 at 3.

[1] Respondent John Mattos filed a separate response taking no position on the habeas petition. ECF No. 17.

In October of 2025, Murgoi pleaded guilty to one count of electronic harassment, a misdemeanor, in Utah, and was sentenced to credit for time served. *See* ECF No. 16-2 at 21–25. After completing his sentence, he was taken into ICE custody in February of 2026. ECF No. 15 at 4. Murgoi requested a bond hearing. *Id.* On March 18, 2026, an immigration judge (IJ) held a bond hearing and denied bond, finding Murgoi was "a danger to the community" and a "significant flight risk." *See* ECF No. 16-3 at 2.

On April 10, 2026, Murgoi filed a pro se petition for writ of habeas corpus. *See* Pet., ECF No. 1. This court issued a screening order and appointed counsel for Murgoi on April 20, 2026. ECF No. 3. Murgoi filed his counseled amended petition on August 3, 2026. ECF No. 15.

Then, on July 22, 2026, Murgoi was ordered to be removed, and that order became final on August 21, 2026, when the period to file an appeal of his removal expired without any appeal filed.[2] ECF No. 20 at 2; *see also* Removal order, ECF No. 20-1.

## II. Legal standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

Further, the Fifth Amendment provides that "[n]o person shall . . . be deprived of . . . liberty . . . without due process of law." U.S. Const. amend. V. Authority delegated to the Attorney General, such as those related to immigration proceedings, is still subject to due

[2] Murgoi did not file a reply to dispute if or when his order of removal became final.

process's requirements. *See id.* at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects."). And the Supreme Court has repeatedly recognized "that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." *Addington v. Texas*, 441 U.S. 418, 425 (1979). Indeed, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. Thus, the government may detain individuals outside of the criminal context only "in certain special and 'narrow' nonpunitive 'circumstances.'" *Id.* (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)).

## III. Discussion

As a threshold matter, I find that I have jurisdiction over this action: Murgoi is not challenging his removal order as argued by the federal respondents. *See* ECF No. 20 at 5 (arguing "8 U.S.C. § 1252(g), as amended by the REAL ID Act, deprives courts of jurisdiction — including habeas corpus jurisdiction — over reviewing 'any' claim 'arising from the decision or action' to (among other things) 'execute removal orders.'"). Rather, Murgoi is challenging the legality and length of his detention under § 1226(a). I thus turn to the merits of the amended petition.

At the time Murgoi filed his petition, he was detained under 8 U.S.C. § 1226(a). However, Murgoi is now subject to a final removal order, so Murgoi is now detained under 8 U.S.C. § 1231(a). *See* ECF No. 20 at 2–4. Under that statute, "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days," also known as the "removal period." 8 U.S.C § 1231(a)(1)(A). "During the removal period, the Attorney General **shall** detain the alien." *Id.* at § 1231(2)(A) (emphasis added).

Because Murgoi is no longer detained under § 1226(a) and is now mandatorily detained under § 1231(a), his arguments for release under § 1226(a) are moot. I therefore deny his petition accordingly.[3]

---

[3] Even if Murgoi challenged his detention under § 1231(a), that challenge is not yet ripe given that the 90-

**IV. Conclusion**

I THEREFORE deny Ioan Murgoi's first amended petition for writ of habeas corpus **[ECF No. 15] as moot.**[4]

The Clerk of Court is kindly directed to close this case.

Dated: November 18, 2026

Cristina D. Silva
United States District Judge

day period of removal began on August 21, 2026, and has not yet expired. Even more, the presumptively reasonable six-month period of detention discussed in *Zadvydas v. Davis*, 533 U.S. at 701, does not expire until February 21, 2027, and the petitioner has not rebutted that presumption, *see Vijdani v. Mattos*, 2026 WL 560209, at *4 (D. Nev. Feb. 27, 2026) ("[T]he six-month presumption in *Zadvydas* is rebuttable and therefore does not foreclose claims challenging detention less than six months.").

[4] This dismissal does not preclude Murgoi from bringing another petition.